UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JESSE HSIEN CHUEH YAO,

    Plaintiff,

v.                                    Case No. 8:24-cv-2877-MSS-NHA

UNIVERSITY OF SOUTH
FLORIDA BOARD OF TRUSTEES,
et al,

    Defendants.
_____/

## ORDER

Plaintiff Jesse Hsein Chueh Yao, who is not represented by a lawyer, filed a 142-page Complaint, asserting nine counts against four Defendants. Doc. 1. The Complaint asserts grievances relating to his experience during and after his enrollment in the Defendant University of South Florida's Doctor of Physical Therapy program. Doc. 1. Plaintiff asks for permission to bring this lawsuit without paying the filing fee. Doc. 2.

Plaintiff's Complaint is a shotgun pleading that fails to comport with the Federal Rules of Civil Procedure. Accordingly, I direct Plaintiff to file an Amended Complaint within 21 days. Plaintiff's failure to timely file an Amended Complaint that cures the errors identified in this Order will result in a recommendation to the District Court that his Complaint be dismissed.

## Legal Standard

The federal statute that governs the right to bring a lawsuit without pre-paying a filing fee, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). "Congress recognized, however, that a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id*. To that end, section 1915 provides that a court shall dismiss a case if the court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous when a complaint lacks an arguable basis either in law or in fact. *Neitzke*, 490 U.S. at 325.

Federal courts must hold pro se filings (meaning those papers filed by a party who represents himself) to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). More specifically, a court must "provide[] pro se parties wide latitude when construing their pleadings and papers" and to "use common sense to determine what relief the party desires." *S.E.C. v. Elliot*, 953 F.2d 1560, 1582 (11th Cir. 1992). Nonetheless, courts need not exempt pro se litigants from complying with the requirements imposed by the law and rules of procedure. *See Brown*

*v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

One such rule is Rule 10 of the Federal Rules of Civil Procedure, which states: "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." FED. R. CIV. P. 10(b). It further requires that a Plaintiff "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.*

Additionally, Federal Rule of Civil Procedure 8 requires that a plaintiff describe in a "short and plain statement of the claim" what a defendant did that violated the law. FED. R. CIV. P. 8(a)(2). The pleading standard in Rule 8 does not require "'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Conclusions and characterizations of conduct are insufficient; a complaint must allege facts to show that each element of an offense is satisfied. *Rivell v. Priv. Health Care Sys., Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008).

Another rule is the prohibition of "shotgun pleadings," in which one count adopts the allegations of all preceding counts. *Paylor v. Hartford Fire Ins. Co.*, 748 F.3d 1117, 1126 (11th Cir. 2014); *see also Strategic Income Fund,*

3

*L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) ("The typical shotgun complaint contains several counts, each one incorporating by reference its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions."). A shotgun pleading does not comport with the pleading requirements of Rule 8 because it is not "a short and plain statement of the claim," and it does not "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See* FED. R. CIV. P. 8(a)(2); *Iqbal*, 556 U.S. at 678. The Eleventh Circuit has instructed that a district court "must intervene . . . and order a replead[ing]" of a shotgun complaint, even if the defendant does not move for a more definite statement. *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) (emphasis added).

## Analysis

Plaintiff's Complaint contains 142 pages of allegations, with at least 170 numbered paragraphs, many of which are actually multiple paragraphs. Doc. 1. Plaintiff also submitted fifteen exhibits with his pleading, adding an additional seventy-six pages to the Complaint's already substantial length. *Id.* Plaintiff brings nine counts and it is unclear to the Court which counts are brought against which Defendant(s). In most of the nine counts, Plaintiff "re-alleges and incorporates by reference all preceding paragraphs as if fully set

forth herein" (e.g. Doc. 1 at ¶¶ 94, 96, 105, 126, 134, 152, 160), the hallmark of a shotgun pleading.

As the Eleventh Circuit has stated, "[i]n pleading, as in many aspects of life, quality matters more than quantity." *Lawrie v. Ginn Dev. Co., LLC*, 656 F. App'x 464, 465 (11th Cir. 2016). The Complaint is unnecessarily lengthy, unduly repetitive, overly detailed, and "replete with . . . immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015). It fails to satisfy the federal rules' requirement of "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

Plaintiff is encouraged to file an Amended Complaint to correct his Complaint's failure to comply with the applicable pleading standards. Plaintiff should succinctly state, for each count, in plain language, exactly what each Defendant did to him and why it violated his rights. He should clearly list which cause of action is being asserted against which Defendant(s). He should limit his factual allegations to those relevant to each cause of action. Plaintiff should make these corrections and refile an Amended Complaint within 21 days. If he does not file an Amended Complaint following these instructions

within 21 days, it will result in a recommendation that his Complaint be dismissed.

ORDERED on January 13, 2025.

NATALIE HIRT ADAMS
United States Magistrate Judge