## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

JESSE HSIEN CHUEH YAO,

      Plaintiff,

v.                            Case No.: 8:24-cv-02877-MSS-NHA

UNIVERSITY OF SOUTH
FLORIDA BOARD OF TRUSTEES,
UNIVERSITY OF SOUTH
FLORIDA, LAKELAND REGIONAL
HEALTH MEDICAL CENTER, and
STEPHANIE ANDERSON,

      Defendants.

_____/

## DEFENDANT, LAKELAND REGIONAL MEDICAL CENTER, INC.'S, MOTION TO DISMISS AMENDED COMPLAINT

Plaintiff, JESSE HSIEN CHEUEH YAO ("Yao"), brings nine (9) separate claims against Defendant, LAKELAND REGIONAL MEDICAL CENTER, INC. ("Lakeland Regional"), arising from his participation in University of South Florida course PHT 8843: Clinical Education 3. All of Yao's claims against Lakeland Regional fail as a matter of law.

### I.    <u>Standard of Review</u>

A motion to dismiss assumes the accuracy of a pleading's factual allegations. This does not disadvantage legal arguments which assume the

truth of the factual allegations, and contend that such allegations do not entitle the pleader to relief:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

*Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007) (cleaned up). If the facts "do not permit the court to infer more than the mere possibility of misconduct" the complaint may be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Allegations which are mere conclusions are not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 679; *Twombley*, 550 U.S. at 555. This allows a court to disregard conclusory claims of discrimination, hostile work environment, and the like. Such conclusions must be supported by allegations of fact to demonstrate each element of the claim asserted.[1]

The absence of facts to support an element of a claim will justify dismissal. *Twombley*, 550 U.S. at 564-70. This allows dismissal unless the plaintiff has pled facts supporting a reasonable inference of liability. *Iqbal*, 556

---

[1] Under this rule, the conclusory allegations in paragraphs 2-3, 18, 21, 23-26, 28, 30-32, 34, 37, 40-42, 47-48, 56, 59, 72-75, 77-78, 84, 88-89, 91, 101, 107, 110-14, 120, 122, 138, 141-49, 151-60, 162-73, 176-82, 186-91, 193-96, 199-208, 211-24, 227, 231-36, 246, 249, 263-67, 276, 279-96, 299-310, 313-20, and other allegations of the Amended Complaint and Demand for Jury Trial ("Amended Complaint") (Doc. 4) may be disregarded.

U.S. at 678. Yao's *pro se* status "does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain" his claims. *Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

Exhibits are "a part of the pleading for all purposes," Fed. R. Civ. P. 10(c), and may be considered under Rule 12(b)(6). *See Crowder v. Delta Air Lines*, 963 F.3d 1197, 1202 (11th Cir. 2020). If the exhibits to a complaint negate an attempted claim for relief, that claim may be dismissed. *See Griffin Industries v. Irvin*, 496 F.3d 1189, 1204 (11th Cir. 2007); *see also Kinsey v. MLH Financial Servs., Inc.*, 509 Fed.Appx. 852, 853 (11th Cir. 2013) ("When exhibits attached to a complaint contradict a plaintiff's general and conclusory allegations, the exhibits govern despite a court's duty to accept a plaintiff's allegations as true.").

## II.    Allegations of the Amended Complaint (Doc. 4)

While many of Yao's allegations are not accurate, we are required to accept the allegations of the Amended Complaint for purposes of this Motion to Dismiss.

Yao is an Asian American of Taiwanese descent, and he is originally from Taiwan. (Doc. 4, ¶ 14). Yao was a student in Defendant, UNIVERSITY OF SOUTH FLORIDA's ("USF"), Doctor of Physical Therapy program. (Doc. 4, ¶ 9). As part of his participation in this program, Yao was assigned to complete

course PHT 8843: Clinical Education 3 ("CE3") at the Bannasch Institute. (Doc. 4, ¶ 17). CE3 is the final course of USF's Doctor of Physical Therapy curriculum. (Doc. 4, ¶ 16).

The Bannasch Institute is an in-patient rehabilitation center operated within Lakeland Regional. (Doc. 4, ¶ 17). As Yao alleges, Lakeland Regional, as a participant in Medicaid and Medicare, receives financial assistance and is subject to Title VI of the Civil Rights Act of 1964. (Doc. 4, ¶ 13). While enrolled in USF's Doctor of Physical Therapy Program, Yao was one of the few Asian students in the program, and he was the only Asian American during his CE3 placement at Lakeland Regional. (Doc. 4, ¶ 19).

Yao's Clinical Instructor was Jennifer Kondrach ("Kondrach"), an employee of Lakeland Regional. (Doc. 4, ¶ 17). In Yao's view, from the beginning of his participation in CE3, Kondrach employed "highly critical and discriminatory instructional methods, creating a hostile and stressful learning environment that significantly hindered Yao's clinical practice." (Doc. 4, ¶ 21). However, in the very first week of CE3, Kondrach told Yao that prior students had complained about her critical instructional methods. (Doc. 4, ¶ 22). Kondrach also warned Yao not to continue if he could not handle this approach. (*Id*.).

On June 28, 2021, Yao expressed his concerns to Defendant, STEPHANIE ANDERSON ("Anderson"), about Kondrach's instructional

4

methods. (Doc. 4, ¶ 23). Yao alleges that Kondrach then "retaliated" against Yao for expressing his concerns to Anderson by filing false midterm evaluations. (*Id*.). Later, on July 2, 2021, Yao states he was documenting on a computer in a patient's room when Kondrach suddenly yelled at Yao to check on the patient. (Doc. 4, ¶ 24). After Yao failed to respond, Yao alleges Kondrach slapped his right hand. (*Id*.).

On July 8, 2021, Yao returned to Lakeland Regional following a sinus procedure. (Doc. 4, ¶ 33). On that date, Yao alleges Kondrach stated, "Why are you breathing heavily, do all Asians breathe heavily like you?" (*Id*.).

Ten (10) days later after the alleged hand-slapping incident, Yao reported the incident to Anderson on July 12, 2021, at 12:05 a.m. (Doc. 4, ¶ 25). It should be noted that Yao fails to allege he reported the July 8th comments at this time. Without providing any facts to support a conclusion Anderson informed Kondrach of this report, Yao alleges that Kondrach retaliated against Yao by filing three (3) fake incident reports. (Doc. 4, ¶ 34). The three incident reports were filed on July 12, 2021, at 9:21 p.m., alleging tardiness, unprofessional behavior, and communication issues by Yao. (Doc. 4, ¶ 37). Based on Yao's response dated July 15, 2021, it appears the tardiness occurred on or about July 6, 7, and 9, 2021. (Doc. 4, ¶ 42).

On July 16, 2021, Anderson terminated Yao's participation in CE3. (Doc. 4, ¶ 44). Yao alleges in conclusory terms that Kondrach's reports "ultimately

5

led to [Yao's] termination from CE3." (Doc. 44, ¶ 37). Two (2) weeks later, Yao received an email from USF's representative that he would receive a failing grade for CE3. (Doc. 44, ¶ 67; Ex. 3). On August 12, 2021, Yao received a letter informing him that USF's Academic Performance Review Subcommittee met on August 11, 2021, to review the "unsatisfactory" grade Yao received in CE3. (Doc. 4, Ex. 4).

According to Yao, this letter "outlined sanctions based entirely on the three critical incident reports filed by Kondrach." (Doc. 4, ¶ 73). However, a review of Exhibit 3 fails to show any reference to Kondrach or the critical incident reports. Yao partially quotes the letter stating, "The Sub-Committee considered dismissal from the program." (Doc. 4, ¶ 73). Yao takes issue with this as he asserts this comment was made "without providing any factual basis or addressing Yao's version of events." (*Id.*). However, the rest of the sentence Yao partially quoted provides, "however, they chose to allow you the opportunity to remediate this deficiency" according to several stipulations. (Doc. 4, Ex. 4). Yao appealed the Academic Performance Review Subcommittee's decision, but his appeal was denied. (Doc. 4, ¶ 77)

## III.   <u>Legal Argument</u>

For the reasons set forth in the following pages, all nine (9) of Yao's claims against Lakeland Regional should be dismissed.

### A.    Discrimination Claims Fails

In Count I, Yao brings a claim for discrimination under Title VI of the Civil Rights Act of 1964. *See* 42 U.S.C. § 2000d. Yao alleges that he was "subjected to a racially hostile environment," including "racially discriminatory comments." (Doc. 4, ¶ 141). While in Count I Yao alleges there were multiple racially discriminatory comments, he only alleges facts relating to a single potentially discriminatory comment: "Why are you breathing heavily, do all Asians breathe heavily like you?" (Doc. 4, ¶ 33). Yao's claim for discrimination fails for three reasons: (1) Yao lacks standing; (2) Yao fails to allege disparate treatment; and (3) Yao fails to allege intentional discrimination.

### i.    Standing

In his Amended Complaint, Yao alleges Lakeland Regional is a recipient of federal financial assistance and is therefore subject to Title VI. (Doc. 4, ¶ 140). In particular, Yao alleges, "As a participant in Medicaid and Medicare programs, [Lakeland Regional] receives federal financial assistance and is subject to Title VI of the Civil Rights Act of 1964." (Doc. 4, ¶ 13).

In order to prevail on a Title VI claim, "a plaintiff must be an 'intended beneficiary' of a federally funding 'program or activity.'" *Ash v. City of Duluth*, 331 F.Supp.3d 935, 939 (D. Minn. 2018); *see also Givens v. Delta Elec. Power Ass'n*, 572 F.Supp. 555 (N.D. Miss. 1983). "This requires a nexus between the

alleged discrimination and a specific program or activity that receives federal funding." *Ash*, 331 F.Supp.3d at 939.

Here, Yao fails to allege any nexus between Lakeland Regional's receipt of federal funds through Medicaid and Medicare and Yao's participation in a USF course hosted at Lakeland Regional. Yao's allegations do not bring him within the scope of an "intended beneficiary" of Medicaid and Medicare. Therefore, Yao has failed to establish standing to bring a claim for discrimination against Lakeland Regional.

### ii.    Disparate Treatment

To establish a prima facie case of national origin discrimination under Title VI, Yao must show that (1) he is a member of a protected class; (2) he suffered an adverse action in pursuit of his education by defendant; (3) he was treated differently from similarly situated students who are not members of the protected class; and (4) he was qualified to continue his educational pursuit. *Rusovici v. Univ. of Central Fla. Bd. of Trustees*, Case No. 6:22-cv-2172-ACC-EJK, 2023 WL 9190224, at *12 (M.D. Fla. Dec. 9, 2023). Here, Yao fails to identify any similarly situated participants in CE3 not of Asian or Taiwanese descent who were treated differently.

Yao only alleges that instead of addressing his concerns, "Defendant Anderson treated [him] different from other students." (Doc. 4, ¶ 142). Not only does Yao fail to even allege Lakeland Regional treated him differently, but this

is also merely a conclusory allegation. Yao also fails to explain how he was treated differently from any student of a different ethnic background. This constitutes a failure to sufficiently allege a cause of action for discrimination under Title VI. *See Rusocivi*, 2023 WL 9190224; *Farrukh v. Univ. of South Fla. Bd. of Trustees*, Case No. 8:20-cv-73-VMC-TGW, 2021 WL 2156222, at *4 (M.D. Fla. May 27, 2021).

### iii. Intentional Discrimination

Title VI prohibits only intentional discrimination. *Alexander v. Sandoval*, 532 U.S. 275 (2001); *see also Brook v. Sistema Universitario Ana G. Mendez, Inc.*, Case No. 8:17-cv-171-JSM-AAS, 2017 WL 1743500, at *3 (M.D. Fla. May 4, 2017). Therefore, "to state a claim under Title VI, a plaintiff must allege facts establishing discriminatory intent." *Farrukh*, 2021 WL 2156222 at *5 (citing *Carr v. Bd. of Regents of Univ. Sys. of Ga.*, 249 Fed.Appx. 146, 148 (11th Cir. 2007)). Courts have found that "[d]iscriminatory intent may be established by evidence of such factors as substantial disparate impact, a history of discriminatory official actions, procedural and substantive departures from the norms generally followed by the decision-maker, and discriminatory statements in the legislative or administrative history of the decision." *Id.* (quoting *Elston v. Talladega County Bd. of Educ.*, 997 F. 2d 1394, 1406 (11th Cir. 1993)).

The only allegation that may relate to intentional discrimination is the alleged statement by Kondrach: "Why are you breathing heavily, do all Asians breathe heavily like you?" (Doc. 4, ¶ 33). However, "such a stray remark . . . is not direct evidence of discrimination." *Autry v. Nassau County School Bd.*, Case No. 3:04-cv-723-J-32TEM, 2006 WL 1232812, at *11 (M.D. Fla. May 8, 2006) (citing *Wheatley v. Baptist Hosp. of Miami, Inc.*, 16 F.Supp.2d 1356 (S.D. Fla. 1998)). "Fundamentally, a few off-handed comments made in the course of casual conversation . . . is the kind of conduct that the Supreme Court has refused to find actionable." *Maxwell v. Citrus Hills Golf & Country Club, Inc.*, Case No. 5:06-cv-434-Oc-10GRJ, 2007 WL 9719236, at *5 (M.D. Fla. Oct. 17, 2007) (citing *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).

Yao's claim is akin to a claim rejected by the Eastern District of New York. *See Folkes v. New York College of Osteopathic Medicine of New York Institute of Tech.*, 214 F.Supp.2d 273 (E.D.N.Y. 2002). In *Folkes*, a professor stated to the plaintiff, an African American woman, that there were "too many blacks" at the New York College of Osteopathic Medicine. *Id.* at 292. The court found that while the comment is "certainly offensive," it was "a single incident that [did] not rise to the level of severity necessary to make out a claim" under Title VI. *Id.* Accordingly, Yao's claim for discrimination under Title VI should be dismissed.

### B.     Retaliation Claim Fails

In addition to his claim for discrimination under Title VI, Yao also attempts to allege a claim for retaliation under Title VI against Lakeland Regional. In his Amended Complaint, regarding Lakeland Regional, Yao alleges, "Kondrach, an employee of [Lakeland Regional], retaliated against Plaintiff by submitting three false critical incident reports shortly after Plaintiff reported her discriminatory conduct and physical attack to [Anderson]." (Doc. 4, ¶ 163). He further alleges Lakeland Regional "is vicariously liable for Kondrach's retaliatory actions, as she acted within the scope of her employment and in furtherance of [Lakeland Regional's] CE program." (Doc. 4, ¶ 171). Lakeland Regional cannot be held vicariously liable under Title VI.

Individuals may not be held liable for violations of Title VI because it prohibits discrimination only by recipients of federal funding. *Shotz v. City of Plantation, Fla.*, 344 F.3d 1161, 1169 (11th Cir. 2003). Under Florida law, "in an action against an employer for the actions of the employee based on the theory of vicarious liability or respondeat superior, the plaintiff must show liability on the part of the employee. If the employee is not liable, the employer is not either." *Trump v. Clinton*, 626 F.Supp.3d 1264, 1318 (S.D. Fla. 2002) (citing *Mallory v. O'Neil*, 69 So. 2d 313, 315 (Fla. 1954)). Because Kondrach, Lakeland Regional's employee, cannot be held liable under Title VI, Yao cannot

state a claim for vicarious liability against Lakeland Regional. *See Rodgers v. Univ. of Mo. Bd. of Curators*, 56 F.Supp.3d 1037, 1048 (E.D. Mo. 2014) (holding the Curators of the University of Missouri System could not be held vicariously liable under Title VI for the actions of individual actors).[2] Therefore, Count II of the Amended Complaint should be dismissed.

### C.    Claim for Breach of Fiduciary Duty Fails

In Count V, Yao attempts to bring a claim for breach of fiduciary duty. In order to state a claim for breach of fiduciary duty, Yao must show: (1) the existence of a duty; (2) breach of that duty; and (3) damages flowing from the breach. *Lesti v. Wells Fargo Bank, N.A.*, 960 F.Supp.2d 1311, 1323 (M.D. Fla. 2013) (citing *Miller v. Miller*, 89 So. 3d 962 (Fla. 5th DCA 2012)). Yao's claim fails on the first element.

Yao asserts USF, Anderson, and Lakeland Regional owed him a duty "to act in his best interest, provide a safe and non-discriminatory educational environment, and address his complaints fairly and in good faith." (Doc. 4, ¶ 199). However, no such duty exists. A fiduciary duty does not arise simply based on Yao's status as a student. *Morrison v. University of Miami*, Case No.

---

[2] *See also Santos v. Peralta Cmty. Coll. Dist.*, Case No. C-07-5227 EMC, 2009 WL 3809797, at *7 (N.D. Cal. Nov. 13, 2009); *Earl v. Fresno Unified Sch. Dist. Bd. of Educ.*, Case No. 1:11-CV-01568-LJO-GSA, 2012 WL 16068606, at *4-5 (E.D. Cal. May 8, 2012); *Vouchides v. Houston Cmty. College Sys.*, Case No. H-10-2559, 2011 WL 4592057, at *6 (S.D. Tex. Sept. 30, 2011); *Manuel v. City of Bangor*, Case No. 09-CV-339-B-W, 2009 WL 3398489, at *3 (D. Me. Oct. 21, 2009); *Hurd v. Del. State. Univ.*, Case No. 07-117-MPT, 2008 WL 4369983, at *6 (D. Del. Sept. 25, 2008); *Goonewardena v. New York*, 475 F.Supp.2d 310, 328 (S.D.N.Y. 2007).

1:15-cv-23856-UU, 2016 WL 3129490, at *7 (S.D. Fla. Jan. 20, 2016); *see also Awodiya v. Ross University School of Medicine*, Case No. 18-cv-60482-KMM, 2019 WL 13255316, at *4 (S.D. Fla. Mar. 2, 2019).

In *Morrison*, the court rejected an argument that the plaintiff sufficiently pled a claim for breach of fiduciary duty because the university "held itself out to adhere to certain policies and standards and to comply with certain policies regarding sexual misconduct, Title IX, and sexual harassment." *Morrison*, 2016 WL 3129490 at *7. The plaintiff in *Morrison* attempted to circumvent the lack of duty by arguing a "special relationship arose from her 'dependency' on the University to handle her complaints of discrimination and retaliation." *Id*. Here, Yao attempts to do the same thing and alleges a fiduciary duty arose from his "reasonable reliance on Defendants to uphold their legal and institutional responsibilities." (Doc. 4, ¶ 199). As the court in *Morrison*, this Court should also reject this argument finding Yao fails to allege Lakeland Regional owes a fiduciary duty to Yao.

### D.    Claim for Intentional Infliction of Emotional Distress Fails

In Count VI, Yao sues Lakeland Regional for intentional infliction of emotional distress based on allegations that it allowed Kondrach to physically assault and subject Yao to racial discrimination. (Doc. 4, ¶ 214). Yao also alleges Lakeland Regional "contributed to [his] severe emotional distress" by

allowing a PTA to supervise and by failing to properly investigate an EthicsPoint complaint. (Doc. 4, ¶¶ 216-17). Without any support, Yao asserts "Defendants engaged in conduct so extreme and outrageous that it exceeds all possible bounds of decency, shocking the conscience of a civilized society." (Doc. 4, ¶ 223).

The elements of a claim for intentional infliction of emotional distress are: "(1) deliberate or reckless intentional infliction of mental suffering; (2) by outrageous conduct; (3) which conduct must have caused the suffering; and (4) the suffering must have been severe." *Hart v. United States*, 894 F.2d 1539, 1548 (11th Cir. 1990). The outrageous conduct element requires conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Metropolitan Life Ins. Co. v. McCarson*, 467 So. 2d 277, 278-79 (Fla. 1985) (quoting Restatement (Second) of Torts § 46 Comment (d) (1965)).

Courts decide as a matter of law whether the alleged conduct is sufficiently outrageous to allow a claim for intentional infliction of emotional distress. *See Vance v. Southern Bell Tel. & Tel. Co.*, 983 F.2d 1573, 1575 n. 7 (11th Cir. 1993). "Florida courts use a very high standard in evaluating whether the facts alleged are sufficiently outrageous to support a claim for intentional infliction of emotional distress." *Foreman v. City of Port St. Lucie*,

294 F.App'x 554, 556 (11th Cir. 2008); *see also Golden v. Complete Holdings*, 818 F.Supp. 1495 (M.D. Fla. 1993). Liability does not extend to "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Scheller v. American Medical Int'l*, 502 So. 2d 1268, 1271 (Fla. 4th DCA 1987) (quoting Restatement (Second) of Torts § 46 Comment (d) (1965)).

While Yao was not and is not an employee of Lakeland Regional, Florida and federal courts reluctance to recognize outrageous conduct in the employment context is instructive here. *See Tremino v. Crowley Maritime Corp.*, 649 F.Supp.3d 1223, 1242 (M.D. Fla. 2023). Threats of unfair termination, retaliation, and sexual or racial harassment are not sufficiently outrageous to support the claim. *Id.* at 1241-42 (firing plaintiff for complaining about rape "not sufficiently outrageous to state a claim").[3]

Cases with comparable or much more egregious allegations illustrate that Yao has not alleged outrageous conduct here. For example, in *Vance*, the

---

[3] *See also Short v. Immokalee Water & Sewer Dist.*, 165 F.Supp.3d 1129, 1152-53 (M.D. Fla. 2016); *Meidling v. Walgreen Co.*, Case No. 8:12-cv-2268-T-30TBM, 2012 WL 12904414 (M.D. Fla. Dec. 6, 2012); *Jenks v. Naples Community Hosp.*, 829 F.Supp.2d 1235, 1256-57 (M.D. Fla. 2011); *Martinez v. Pavex Corp.*, Case No, 8:03-CV-1197-T-27, 2006 WL 1823430, at *7-8 (M.D. Fla. June 30, 2006); *Scelta v. Delicatessen Support Servs.*, 57 F.Supp.2d 1327, 1358 (M.D. Fla. 1999); *Williams v. Worldwide Flight SVCS., Inc.*, 877 So. 2d 869, 870-71 (Fla. 3d DCA 2004) (conduct not sufficiently outrageous when supervisors and coworkers repeatedly called the plaintiff racial epithets, created a false disciplinary record, falsely accused plaintiff of stealing, repeatedly threatened plaintiff with job termination, and directed the plaintiff to perform dangerous tasks); *Lay v. Roux Laboratories, Inc.*, 379 So. 2d 451, 452 (Fla. 1st DCA 1980) (threatening plaintiff with the loss of her job and using "humiliating language, vicious verbal attacks, [and] racial epithets" not sufficiently outrageous).

Eleventh Circuit affirmed dismissal despite a pervasive pattern of intimidation and harassment, including two times in which a noose had been left at the workstation of the African American plaintiff. *Vance*, 983 F.2d at 1575 n. 7, 1583.[4]

The few cases which have allowed an intentional infliction claim presented far more disturbing allegations. For instance, persistent sexually explicit and demeaning language plus ongoing physical abuse, unwanted kisses, groping, and attempted rape, was found to be outrageous in *Urquiola v. Linen Supermarket,* Case No. 94-14-CIV-ORL-19, 1995 WL 266582, at *4 (M.D. Fla. Mar. 23, 1995). Other cases alleging threats of violence, actual violence, or persistent groping, have also been allowed, but only in extreme and threatening circumstances. *See, e.g., Nims v. Harrison*, 768 So. 2d 1198 (Fla. 1st DCA 2000) (death threats and threats to rape plaintiff's children and other relatives).

Yao's allegations fall into the category of cases like *Vance*, finding insufficiently outrageous actions. His allegations do not reach the level of cases such as *Urquiola* and *Nims*. Accordingly, the claim for emotional distress should be dismissed.

---

[4] *See also Socarras v. First Residential Mortg. Servs.*, Case No. 07-21240-CIV, 2007 WL 9710660 (S.D. Fla. Aug. 6, 2007) (unwelcome requests for dates, calling at all hours of the night, showing up at plaintiff's house uninvited, inappropriate and offensive touching, calling plaintiff "stupid bitch," violently grabbing her wrist causing bruising, and saying he could do whatever he wanted to plaintiff, did not satisfy the requirement of outrageous conduct).

16

### E.    Yao's Fraud Claim Fails

In Count VII, Yao claims Lakeland Regional is "vicariously liable for the fraudulent misrepresentations" made by Kondrach, "including false accusations and contradictory statements." (Doc. 4, ¶ 231). Yao alleges Kondrach falsely accused Yao of tardiness and provided "contradictory accounts" during two investigations. (Doc. 4, ¶¶ 232-33). As a direct allegation against Lakeland Regional. Yao claims Lakeland Regional "issued misleading statements regarding PTA supervision." (Doc. 4, ¶ 234).

Claims for fraud must be pled with particularity. *See* Fed. R. Civ. P. 9(b). This requires Yao to "allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled [him]; and (4) what the defendants gained by the alleged fraud." *Wilding v. DNS Servs. Corp.*, 941 F.3d 1116, 1128 (11th Cir. 2019) (quoting *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010)).

Here, the Amended Complaint fails to sufficiently allege facts to support the essential elements of a claim for fraudulent misrepresentation. These elements are: (1) a representation made by a defendant with the intent to *induce the plaintiff* to act; (2) the representation was false and the defendant knew that the representation was false; (3) *the plaintiff* relied on the representation; and (4) that reliance caused *the plaintiff* injury. *See American*

*Intern. Land Corp. v. Hanna*, 323 So. 2d 567, 569 (Fla. 1975); *Stow v. National Merchandise Co.*, 610 So. 2d 1378, 1382 (Fla. 1st DCA 1992) (emphasis added). These elements "must appear with reasonable certainty" in the allegations of the complaint. *Hanna*, 323 So. 2d at 569-70.

The Amended Complaint does not allege that any representations by Lakeland Regional or Kondrach were made in order to induce action by Yao. Absent allegations of fact to support this element there can be no claim. *See First Interstate Dev. Corp. v. Ablanedo*, 511 So. 2d 536, 539 (Fla. 1987) ("to prove fraud, a plaintiff must establish that the defendant made a deliberate and knowing misrepresentation designed to cause, and actually causing detrimental reliance by the plaintiff"). Because none of the alleged misrepresentations were to Yao, he cannot allege that the statements were intended to induce him to act.

Further, the Amended Complaint does not allege facts to show that Yao relied upon any false statements made by Kondrach or anyone else at Lakeland Regional. Absent specific factual allegations to support this element, as above, there can be no claim for fraudulent misrepresentation. *See Hanna*, 323 So. 2d at 569; *Alblanedo*, 511 So. 3d at 539; *State Farm Mut. Auto. Ins. Co. v. Novotny*, 657 So. 2d 1210 (Fla. 5th DCA 1995) ("[w]here detrimental reliance is missing the claim cannot be sustained"); *Truesdell v. Proctor*, 443 So. 2d 107, 108 ("reliance must be alleged in order to state a cause of action for fraud").

18

Therefore, Yao's claim for fraudulent misrepresentation against Lakeland Regional fails and should be dismissed.

### F.    Yao's Lacks Standing for Breach of Contract Claim

In Count VIII of the Amended Complaint, Yao alleges Defendants "entered into binding agreements with Plaintiff," including the Agreement for Clinical Education of Students. (Doc. 4, ¶ 249). As it relates to Lakeland Regional, Yao alleges Lakeland Regional failed to "fulfill its contractual obligations under the Agreement for Clinical Education of Students by failing to maintain a safe and non-discriminatory clinical environment as required by the agreement." (Doc. 4, ¶ 263). However, Yao has no standing to bring this claim.

"It is well settled under Florida law that a person who is not a party to a contract generally may not sue for a breach of that contract." *American Gen. Life Ins. Co. v. O.H.M.*, Case No. 8:20-cv-1581-WFJ-CPT, 2021 WL 6690228, at *5 (M.D. Fla. Dec. 8, 2021) (citing *White v. Exch. Corp.*, 167 So. 3d 324, 326 (Fla. 3d DCA 1964)). The only exception to this general rule is a third-party beneficiary "'where the contract provisions clearly establish the parties' intent to create a right primarily and directly benefitting the third part[ies].'" *Id.* (quoting *McKinney-Green, Inc. v. Davis*, 606 So. 2d 393, 396 (Fla. 1st DCA 1992)); *see also Morgan Stanley DW Inc. v. Halliday*, 873 So. 2d 400, 403 (Fla. 4th DCA 2004)).

Yao attaches the Agreement for Clinical Education of Students as Exhibit 1 to his Amended Complaint. Pursuant to the clear and unambiguous terms of the Agreement for Clinical Education of Students, the parties thereto are Lakeland Regional Center, Inc., and the University of South Florida Board of Trustees. (Doc. 4, Ex. 1). Yao is not a party to this agreement. Further, in paragraph 10, the agreement states, "This Agreement is intended solely for the benefit of the parties hereto and shall not, directly or by implication, create any rights in or duties to a third party of any nature whatsoever." (Doc. 4, Ex. 1). Therefore, Yao does not satisfy the exception to the general rule that a person who is not a party to a contract may not sue for breach of contract. *See American Gen. Life Ins.*, 2021 WL 6690228 at *5. Thus, Yao lacks standing to assert a claim for breach of contract, and this Court should dismiss Count VIII.

## G.    Negligence Claims Fail

Counts X and XI attempt negligence claims against Lakeland Regional on the theory of negligence in failing to adequately address misconduct and ensuring adequate compliance with Title VI (42 U.S.C. § 2000d). These claims attempt to refashion Yao's other claims into a claim for negligent failure to ensure compliance with various laws. However, there is no such claim under Florida law. *See Castleberry v. Edward M. Chadbourne, Inc.*, 810 So. 2d 1028, 1030 (Fla. 1st DCA 2002) ("Florida does not recognize a common law cause of action for negligent failure to maintain a workplace free of sexual

harassment"). Because Florida does not recognize a claim of negligent failure to ensure compliance with the law addressing discrimination or other statutory laws Yao relies upon, both of the negligence counts should be dismissed.[5]

## H.    Battery Claim Fails

In Count XII, Yao attempts to bring a battery claim against Lakeland Regional. Yao alleges that Lakeland Regional is "vicariously liable for the actions of its employee, Kondrach, who intentionally committed battery against [Yao] by slapping [his] hand during a clinical session." (Doc. 4, ¶ 313). Florida law recognizes vicarious liability and "allows an employer to be held liable for its employee's torts if committed during the scope of the employment." *Yusko v. NCL (Bahamas), Ltd.*, 4 F.4th 1161, 1168 (11th Cir. 2021).

---

[5] *See also Harris v. Cellco Partnership*, Case No. 21-81129-CV, 2021 WL 8155331, at *3 (S.D. Fla. Dec. 28, 2021); *Jackman v. 20th Jud. Cir.*, Case No. 2:19-cv-828-FtM-38MRM, 2020 WL 3895425, at *4 (M.D. Fla. July 10, 2020); *Perry v. Wal-Mart, Inc.*, Case No. 2:18-cv-606-FtM-29NPM, 2020 WL 1158719, at *15 (M.D. Fla. Mar. 10, 2020); *Fogle v. IBM Corporation*, Case No. 8:19-cv-2896-T-33JSS, 2020 WL 1873567, at *7-8 (M.D. Fla. Apr. 15, 2020); *Jorgl v. Young Men's Christian Ass'n*, Case No. 8:19-cv-2206-T-23AEP, 2020 WL 13652282 (M.D. Fla. June 15, 2020); *Wheeler v. Blackbear Two, LLC*, Case No. 6:12-cv-583-Orl-37TBS, 2012 WL 3596128, at *2-3 (M.D. Fla. Aug. 21, 2012); *Ayubo v. City of Edgewater*, Case No. 6:08-cv-1197-Orl-31GJK, 2009 WL 113381, at *3 (M.D. Fla. Jan. 16, 2009); *Santandreu v. Miami-Dade County*, Case No. 10-24616-CIV, 2011 WL 13136161, at *17-18 (S.D. Fla. Aug. 1, 2011), *aff'd*, 513 Fed.Appx. 902 (11th Cir. 2013); *Thomas v. Hillsborough Ass'n for Retarded Citizens, Inc.*, Case No. 8:11-cv-87-T-24-MAP, 2011 WL 589548, at *2 (M.D. Fla. Feb. 10, 2011); *Merrick v. Radisson Hotels Intern., Inc.*, Case No. 8:06-cv-01591-T-24TGW, 2007 WL 1576361, at *5 (M.D. Fla. May 30, 2007); *Freese v. Wuesthoff Health System, Inc.*, Case No. 6:06-cv-175-Orl-31JGG, 2006 WL 1382111, at *9 (M.D. Fla. May 19, 2006) (granting motion to dismiss and explaining that allegations that supervisors and employees harassed and discriminated against the plaintiff in violation of Title VII, the ADEA and FCRA "are not common law causes of action"); *Latson v. Hartford Ins.*, Case No. 6:05-cv-1435-Orl-19KRS, 2006 WL 485097, at *5 (M.D. Fla. Feb. 28, 2006); *Scelta*, 57 F.Supp.2d 1327 (M.D. Fla. 1999) ("Florida law does not recognize a common law cause of action based on the negligent failure to maintain a workplace that is free of sexual harassment").

Yao alleges a conclusory statement that "Kondrach's actions occurred within the scope of her employment." (Doc. 4, ¶ 315). Allegations which are mere conclusions are not entitled to the presumption of truth. *See Iqbal*, 556 U.S. at 679; *Twombley*, 550 U.S. at 555. However, Yao's claim fails to state a cause of action even assuming the truth of this allegation. Under Florida law, "[g]enerally . . . batteries by employees are held to be outside the scope of the employee's employment and, therefore, insufficient to impose vicarious liability on the employer." *Valeo v. East Coast Furniture Co.*, 95 So. 3d 921, 925 (Fla. 4th DCA 2012) (quoting *Nazareth v. Herndon Ambulance Servs., Inc.*, 467 So. 2d 1067, 1078 (Fla. 5th DCA 1985)). Instead, Yao must demonstrate Kondrach acted to further a purpose of Lakeland Regional, which he has failed to do. *Id*. Therefore, Yao's attempt to impose vicarious liability on Lakeland Regional fails.

For all the reasons stated, Yao's Amended Complaint should be dismissed.

## Local Rule 3.01(g) Certification

Undersigned counsel certifies conferring with Mr. Yao by e-mail, during which the parties were not able to agree on the resolution of this Motion to Dismiss.

Respectfully submitted,

**PETERSON & MYERS, P.A.**

*/s/ Stephen R. Senn*
**Stephen R. Senn**
Florida Bar No. 0833878
**Michael T. Konen**
Florida Bar No.: 1040217
225 East Lemon Street, Suite 300
Post Office Box 24628
Lakeland, Florida 33801
Telephone: 863-683-6511
Facsimile:  863-884-1629
SSenn@PetersonMyers.com
SRSService@PetersonMyers.com
MKonen@PetersonMyers.com
*Counsel for Defendant, Lakeland Regional
Medical Center, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on this 12th day of March, 2025, I electronically filed the

foregoing using the Court's CM/ECF system, and that service was provided by

e-mail to Jesse Hsien Chueh Yao, jesseyao1995@gmail.com.

By: */s/ Stephen R. Senn*
     STEPHEN R. SENN