**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JESSE HSIEN CHUEH YAO,**

**Plaintiff,**

**v.** **Case No: 8:24-cv-2877-MSS-NHA**

**UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, UNIVERSITY OF SOUTH FLORIDA, LAKELAND REGIONAL HEALTH MEDICAL CENTER, and STEPHANIE ANDERSON,**

**Defendants.**

---

# ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Lakeland Regional Medical Center, Inc.'s Motion to Strike Plaintiff's Corrected Opposition, (Dkt. 23), and Plaintiff's response in opposition thereto. (Dkt. 27) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court **GRANTS** Defendant Lakeland Regional Medical Center, Inc.'s Motion.

Plaintiff initiated this action against Defendant Lakeland Regional Medical Center, Inc. ("Defendant Lakeland Regional") as well as three other defendants on December 12, 2024. (Dkt. 1) On March 12, 2025, Defendant Lakeland Regional filed a motion to dismiss Plaintiff's Amended Complaint. (Dkt. 12) Plaintiff filed a response

to the motion to dismiss, (Dkt. 17), but the next day, Plaintiff filed a motion for leave to amend his response. (Dkt. 18) In the motion, Plaintiff stated,

> Following the original filing, Defendant's counsel notified Plaintiff of citation-related errors in the brief. Plaintiff promptly corrected these issues. The corrected Opposition revises only citation formatting and updates certain case references to ensure accuracy and clarity. No substantive arguments, factual contentions, or legal conclusions have been altered.

(Dkt. 18 at 1-2) Plaintiff requested permission to file the corrected opposition, which the Court granted. (Dkt. 21)

Defendant Lakeland Regional now moves to strike Plaintiff's corrected opposition. (Dkt. 23) Defendant Lakeland Regional notes that in the original opposition, Plaintiff supported several of his legal conclusions with citations to non-existent case law: Alvarado v. Laredo Indep. Sch. Dist., 2018 WL 3978122, at *6 (S.D. Tex. 2018);[1] Burwell v. Pekin Cmty High Sch., 213 F. Supp. 2d at 935; Dobbins v. Scriptfleet, Inc., 182 So. 3d 849, 852 (Fla. 2016); Malliot v. Univ. of Miami, 2013 WL 12099627 (S.D. Fla.); Sunderman v. Sears, 629 So. 2d 1086 (Fla. 1st DCA 1994). (Id. at 2–3) Defendant Lakeland Regional represents that on April 2, 2025, its counsel alerted Plaintiff to the "erroneous" citations. (Id. at 3; Dkt. 23-1) Defendant Lakeland Regional's counsel requested Plaintiff provide copies of these cited authorities. (Dkt. 23-1) Instead of providing Defendant Lakeland Regional copies of the authorities, on

[1] By way of example, this West Law citation belongs to Abujayyab v. City of New York, 15 Civ. 10080, 2018 WL 3978122 (S.D.N.Y. Aug. 20, 2018), a case in which the plaintiff asserted claims against New York City and the New York Police Department for false arrest, failure to intervene, excessive force, First Amendment retaliation, and municipal liability, claims that are not raised in this case.

that same day, Plaintiff moved for leave to file a corrected opposition, which the Court granted before receiving any response from Defendant Lakeland Regional. (Id. at 4)

In the corrected opposition, Plaintiff inserted a new citation that identifies an existing case in place of each of the citations Defendant Lakeland Regional identified in its email. Defendant Lakeland Regional asserts in its Motion to Strike, however, that the new citations identify cases that do not support Plaintiff's legal conclusions. (Id. at 5–6) Defendant Lakeland Regional suspects that Plaintiff used artificial intelligence to draft both the original and corrected opposition. (Id.) Defendant Lakeland Regional requests the Court strike Plaintiff's corrected opposition, award it attorneys' fees, and impose any other sanctions the Court deems proper. (Id. at 9)

In response to Defendant Lakeland Regional's motion, Plaintiff maintains that the Court granted him leave to file the corrected opposition. (Dkt. 27 at 3) Plaintiff seems to assert that, for this reason, Defendant's motion is improper. (Id. at 3–4) ("Defendant's current objections, raised nearly two weeks later, appear to be a strategic attempt to undermine a properly corrected and court-approved filing.") Plaintiff also asserts that Defendant Lakeland Regional's speculation that the original and corrected oppositions were AI-generated is irrelevant and not substantiated by reliable evidence. (Id. at 5) Notably, Plaintiff does not deny that the original and corrected oppositions were AI-generated. Finally, Plaintiff argues he is disadvantaged because he lacks access to West Law, Lexis, and Bloomberg, but that he "made every good-faith effort to verify and correct all citations using publicly available sources." (Id. at 8)

Upon review of the cases cited in the corrected opposition, the Court agrees that none of the newly cited cases, with one exception,[2] support the legal conclusions they are cited to support. The Court also *sua sponte* identifies two other cases cited in both the original and the corrected opposition that do not support the legal conclusions for which they are cited.[3]

"While there is no prohibition against the use of technology to aid in the preparation of court filings, there is a duty of candor to the Court, and that duty applies to *pro se* plaintiffs." O'Brien v. Flick, No. 24-61529, 2025 WL 242924, at *5 (S.D. Fla. Jan. 10, 2025) (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)); id. at 5–7 (emphasis in original) (concluding dismissal was an appropriate sanction where the *pro se* plaintiff's explanation that his citation to two non-existent cases was the result of an "'honest mistake'" and a "'mix-up'" lacked credibility, and where the plaintiff had a "history in [the] District" and "*continues* to neglect his duty of candor to [the] Court"). "The imposition of sanctions against parties who submit fake citations is . . . not uncommon." Id. at *6 (collecting cases). However, a court must find a party

[2] In place of the citation to Alvarado, 2018 WL 3978122, Plaintiff inserted a citation to Doe v. Columbia Univ., 831 F.3d 46, 56 (2d Cir. 2016). The Court finds Doe v. Columbia University supports the legal conclusion for which it is cited as a general matter.

[3] Plaintiff cites Nims v. Harrison, 768 So. 2d 1198 (Fla. 1st DCA 2000), to support his conclusion that his "psychological injuries—chronic anxiety, depression, and trauma-induced avoidance of healthcare settings— . . . meet Florida's severity standard." (Dkt. 22 at 12) But in Nims, the Court expressly discussed only "whether the conduct alleged is so outrageous in character, and so extreme in degree, as to go beyond all bounds of decency." Id. at 1199 ("Of the several elements which make up a cause of action for intentional infliction of mental distress, only one is at issue on appeal . . ."). The case does not discuss the requisite severity of the alleged emotional distress. Likewise, County of Brevard v. Miorelli Engineering, Inc., 703 So. 2d 1099 (Fla. 1997), does not discuss Florida courts overriding boilerplate disclaimers when contracts are designed to benefit third parties, as Plaintiff represents it does. (Id. at 15)

acted in bad faith before using its inherent power to order sanctions. Purchasing Power, LLC v. Bluestem Brands, Inc., 851 F.3d 1218, 1223 (11th Cir. 2017).

Here, Plaintiff failed to adhere to the duty of candor to this Court on two occasions. First, by submitting the original opposition to the Court, Plaintiff represented that all the cases cited therein existed and supported Plaintiff's position. This was a misrepresentation, perhaps a mistaken one. Second, when Defendant Lakeland Regional alerted Plaintiff to the fact that his violation of the duty of candor was conspicuous, Plaintiff represented to this Court that he had discovered "citation-related errors" in the original opposition. (Dkt. 18 at 2) Plaintiff requested leave to revise "citation *formatting*" and to "*update*[] certain case references . . . ." (Id.) (emphasis added) Plaintiff then violated the duty of candor by replacing citations to non-existent cases with citations to existing ones without regard to whether the existing cases supported the legal conclusions for which they were cited. This too was a misrepresentation, and at this point, Plaintiff was on notice of the issue and cannot be found to have been ignorant of the fact that the citations were not accurate.

Plaintiff's assertion that he does not have access to West Law, Lexis, and Bloomberg is irrelevant. Anyone, including non-lawyers, can initiate a subscription to these databases. Plaintiff's exercise of his right to proceed *pro se* does not mean that he will not incur the usual costs of litigation.

Accordingly, the Court finds that Plaintiff's original and corrected oppositions are due to be stricken. Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."). Plaintiff's citations

to cases that do not support his legal conclusions are misleading. As such, the Court will strike the original and corrected oppositions. Plaintiff may file a renewed opposition to Defendant Lakeland Regional's Motion to Dismiss. In any renewed opposition, and in any future filing with this Court, Plaintiff shall only cite to cases that Plaintiff has read in their entirety and that he believes support the legal conclusions for which they are cited. The Court also permits Plaintiff to file renewed oppositions to the other Defendants' motions to dismiss and cautions Plaintiff that the failure to take advantage of a generous opportunity to comply with his duty of candor will result in sanctions, up to and including dismissal of his claims with prejudice.

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Defendant Lakeland Regional Medical Center, Inc.'s Motion to Strike Plaintiff's Corrected Opposition, (Dkt. 23), is **GRANTED**. The Clerk is directed to **STRIKE** Plaintiff's Opposition, (Dkt. 17), and Plaintiff's Corrected Opposition. (Dkt. 22)
2. Plaintiff may file a renewed opposition (or oppositions) within fourteen (14) days of the date of this Order.
3. Failure to file legitimate responses citing to real cases that support the propositions for which they are cited will result in the imposition of sanctions in this case.

**DONE** and **ORDERED** in Tampa, Florida, this 13th day of June 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person