**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**JESSE HSIEN CHUEH YAO,**

**Plaintiff,**

**v.** **Case No: 8:24-cv-02877-MSS-NHA**

**UNIVERSITY OF SOUTH FLORIDA BOARD OF TRUSTEES, UNIVERSITY OF SOUTH FLORIDA, LAKELAND REGIONAL HEALTH MEDICAL CENTER, and STEPHANIE ANDERSON,**

**Defendants.**

---

# ORDER

**THIS CAUSE** comes before the Court for consideration of Defendant Lakeland Regional Health Medical Center's ("LRHMC") Motion to Dismiss the Amended Complaint, (Dkt. 12), Defendant Stephanie Anderson's ("Anderson") Motion to Dismiss the Amended Complaint, (Dkt. 19), Defendant University of South Florida Board of Trustees' ("USF BOT") Motion to Dismiss the Amended Complaint, (Dkt. 20), Plaintiff Jesse Hsien Chueh Yao's ("Plaintiff") Responses in Opposition, (Dkts. 29, 29-1, 29-2), LRHMC's Motion for Sanctions, (Dkt. 30), and Plaintiff's Response in Opposition. (Dkt. 31) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Court finds Defendants LRHMC, Anderson, and USF

BOT's Motions to Dismiss are due to be **GRANTED** and LRHMC's Motion for Sanctions is due to be **DENIED**.

## I. BACKGROUND

This case arises out of Plaintiff's dismissal from the USF Doctor of Physical Therapy Program ("DPT") between 2021 and 2023. (Dkt. 4) According to the Complaint, in 2021, Plaintiff was enrolled in his final course of the DPT curriculum, Clinical Education 3 ("CE3"), when he allegedly experienced harassment, discrimination, and retaliation based on his status as an Asian American of Taiwanese descent. (Id. at ¶ 16)

For his CE3 course, Plaintiff was assigned to an in-patient rehabilitation center operated by Defendant LRHMC. (at ¶ 17) There, he would work under Jennifer Kondrach, one of LRHMC's physical therapists. (at ¶ 17) During her time as Plaintiff's supervisor, Kondrach allegedly discriminated against Plaintiff due to his race and created a hostile and stressful learning environment. (Id. at ¶ 21) Additionally, Plaintiff alleges Kondrach slapped his hand when Plaintiff did not immediately jump into action after being told to check on a patient. (Id. at ¶ 24) Plaintiff reported this alleged assault to Defendant Anderson ten days later. (Id. at ¶ 25) Later that same day, Kondrach filed three allegedly false critical incident reports stating Plaintiff possessed issues with tardiness, professionalism, and communication. (Id. at ¶¶ 25, 27) The next day, Plaintiff met with Defendant Anderson and the Assistant School Director for the DPT program in reference to Kondrach's three reports. (Id. at ¶ 40) At this meeting,

Plaintiff was referred to the Academic Performance Review Subcommittee ("APRSC") and was terminated from his CE3 course. (Id. at ¶ 44) Plaintiff then tried to address his concern with Kondrach with a multitude of people employed with USF and the Lakeland Police Department. (Id. at ¶¶ 45-9) Plaintiff received a response from the APRSC on August 12, 2021 that stated it declined to dismiss Plaintiff from the DPT program and outlined the required course of action for Plaintiff to stay enrolled. (Dkt. 4-1 at 16) Plaintiff appealed the APRSC decision twice and both appeals were denied.[1] (Dkt. 4 at ¶ 77) On December 15, 2022, Plaintiff was informed of his last opportunity to complete his degree the next semester. Plaintiff did not pursue this opportunity.

Plaintiff also filed a discrimination complaint with the ADA Compliance Officer at USF. That investigation resulted in a Final Investigative Report issued on March 4, 2022. The report concluded that USF did not have jurisdiction over Kondrach, and it found there was insufficient information to support Plaintiff's allegation that Defendant Anderson and other USF staff members discriminated or harassed Plaintiff based on his race. (Dkt. 4-1 at 21-23) The report also mentions that Plaintiff was removed from the DPT program. (Id.; Dkt. 4 at ¶ 105) Plaintiff appealed the Final Investigative Report on April 1, 2022, and the appeal was denied on May 25, 2022, with a letter from USF's Vice Provost explaining the reasons for the denial. (Dkt. 4-1 at 24-25)

---

[1] Plaintiff does not attach the denials of his APRSC appeals to the Complaint. Thus, the Court is unaware of why the appeals were denied.

Plaintiff also submitted complaints to the Commission on Accreditation in Physical Therapy Education ("CAPTE") and the Department of Education Office of Civil Rights ("OCR"). As a result of these complaints, USF entered into a Resolution Agreement with Plaintiff that "effectively maintained the same sanctions" outlined in the August 12, 2021 APRSC decision. (Dkt. 4 at ¶ 125) CAPTE issued USF a citation and required USF to show evidence of meeting certain standards and submit a compliance report. (Id. at ¶ 117)

Plaintiff initiated this action on December 12, 2024, by filing a Complaint against USF, USF BOT, LRHMC, and Anderson. (Dkt. 1) Plaintiff filed an Amended Complaint on February 3, 2025, in response to Judge Adam's Order. (Dkts. 3, 4) This Amended Complaint is now the operative complaint in this action. Defendant LRHMC filed a Motion to Dismiss on March 12, 2025. (Dkt. 12) Defendants Anderson and USF BOT filed their respective Motions to Dismiss on April 3, 2025. (Dkts. 19, 20) Plaintiff filed his renewed oppositions to the three Motions on June 27, 2025. (Dkts. 29, 29-1, 29-2) Accordingly, this cause is now ripe for review.

## II. LEGAL STANDARD

The threshold for surviving a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a low one. Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., et al., 711 F.2d 989, 995 (11th Cir. 1983). A plaintiff must plead only enough facts to state a claim to relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 560–64 (2007) (abrogating

the "no set of facts" standard for evaluating a motion to dismiss established in Conley v. Gibson, 355 U.S. 41, 45–46 (1957)). Although a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff is still obligated to provide the "grounds" for his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do." Berry v. Budget Rent A Car Sys., Inc., 497 F. Supp. 2d 1361, 1364 (S.D. Fla. 2007) (quoting Twombly, 550 U.S. at 545). In considering a motion to dismiss and evaluating the sufficiency of a complaint, a court must accept the well-pleaded facts as true and construe them in the light most favorable to the plaintiff. Quality Foods, 711 F.2d at 994–95. However, the court should not assume that the plaintiff can prove facts that were not alleged. Id.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, "this leniency does not give the court a license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." Gibbs v. United States, 865 F. Supp. 2d 1127, 1133 (M.D. Fla. 2012), aff'd, 517 F.App'x 664 (11th Cir. 2013) (internal citations omitted).[2]

---

[2] The Court notes that "[a]lthough an unpublished opinion is not binding on this court, it is persuasive authority. See 11th Cir. R. 36-2." United States v. Futrell, 209 F.3d 1286, 1289 (11th Cir. 2000). Where cited herein, any unreported decision of a panel of the Circuit is considered well-reasoned and is offered as persuasive, not binding.

## III. SHOTGUN PLEADING

Before reaching the merits of the Defendants' Motions, the Court first finds that Plaintiff's Amended Complaint is a shotgun pleading. "Shotgun pleadings violate Rule 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by 'fail[ing] to one degree or another ... to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1294–95 (11th Cir. 2018) (quoting Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015)). Even though Plaintiff is proceeding *pro se*, he must still comply with these minimal pleading standards. See, e.g., Olsen v. Lane, 832 F. Supp. 1525, 1527 (M.D. Fla. 1993).

Plaintiff filed an eighty-five page Amended Complaint that is "replete with conclusory, vague, or immaterial facts not obviously connected to any particular cause of action." Weiland, 792 F.3d at 1322. Even after amendment, the Amended Complaint is "unnecessarily lengthy, unduly repetitive, overly detailed." (Dkt. 3 at 5) Plaintiff also fails to "limit his factual allegations to those relevant to each cause of action," as directed by Judge Adams. (Id.)

While the failure to comply with Fed. R. Civ. P. 8 warrants dismissal of the Amended Complaint without more, the Court will also address the Defendants' Motions to Dismiss on the merits.

## IV. DEFENDANT LRHMC'S MOTION TO DISMISS

Plaintiff asserts nine claims against Defendant LRHMC. Counts I and II are federal claims under Title VI alleging Racial Discrimination (Count I) and Retaliation (Count II). The remaining seven claims against LRHMC allege violations of state law: Breach of Fiduciary Duty (Count V); Intentional Infliction of Emotional Distress (Count VI); Fraudulent Misrepresentation (Count VII); Breach of Contract (Count VIII); Gross Negligence (Count X); Systemic Negligence (Count XI); and Battery (Count XII).

## V. DEFENDANT ANDERSON'S MOTION TO DISMISS

Plaintiff asserts seven claims against Defendant Anderson. Plaintiff asserts these claims against Anderson in her individual capacity only. (Dkt 29-2 at 2 n.1) Counts III and IV are federal claims under the Fourteenth Amendment, alleging a violation of the Equal Protection Clause (Count III) and a violation of the Due Process Clause (Count IV). Plaintiff further asserts five state law claims against Anderson: Breach of Fiduciary Duty (Count V); Intentional Infliction of Emotional Distress (Count VI); Fraudulent Misrepresentation (Count VII); Breach of Contract (Count VIII); and Gross Negligence (Count X).

Defendant Anderson is entitled to immunity for the state law claims under Fla. Stat. § 768.28(9)(a). Section 768.28(9)(a) states that "[a]n officer, employee, or agent of the state or of any of its subdivisions" may not be held liable for any "any act, event,

or omission of action in the scope of her or his employment or function" unless that person acted with bad faith, malicious purpose, or in a willful or wanton manner.

Plaintiff does not allege Defendant Anderson acted with bad faith, malicious purpose, or in a willful or wanton manner. As such, the Court will dismiss the state law claims alleged against Defendant Anderson under Florida state immunity, leaving only the federal claims to be addressed below.

## VI. DEFENDANT USF BOT'S MOTION TO DISMISS

Plaintiff asserts ten claims against Defendant USF BOT. Counts I and II are federal claims under Title VI alleging Racial Discrimination (Count I) and Retaliation (Count II). Count IV alleges a violation of the Due Process Clause of the Fourteenth Amendment (Count IV). Plaintiff also asserts seven state law claims against USF BOT: Breach of Fiduciary Duty (Count V); Intentional Infliction of Emotional Distress (Count VI); Fraudulent Misrepresentation (Count VII); Breach of Contract (Count VIII); Equitable Estoppel (Count IX); Gross Negligence (Count X); and Systemic Negligence (Count XI).

The seven state law claims against USF BOT are due to be dismissed. Plaintiff does not oppose USF BOT's requested dismissal on these claims and "acknowledges that Eleventh Amendment immunity bars federal courts from granting relief on state law claims against state entities." (Dkt. 29-1 at 14 n.14) Further, Count IV, alleging a violation of the Due Process Clause against USF BOT, is due to be dismissed. Plaintiff agrees with USF BOT that damages under § 1983, the statutory method of enforcing

the Fourteenth Amendment, are barred by Eleventh Amendment Immunity. (Id. at 12) Therefore, the Court will only address Count I and Count II against USF BOT.

Furthermore, Plaintiff's claims against Defendant USF, pleaded as separate Defendant from USF BOT, are due to be dismissed. Plaintiff does not oppose this dismissal as he admits "the University is not legally distinct from USF Board. All institutional claims are asserted against the Board as the proper party." (Dkt. 29-1 at n.1)

## VII. ANALYSIS

### a. Count I – Title VI Racial Discrimination (against LRHMC and USF BOT)

Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.

Defendant LRHMC argues this claim fails for three reasons. LRHMC first alleges Plaintiff does not have standing to assert a Title VI claim as he is not an intended beneficiary of the federal financial assistance given to LRHMC. Federal courts across the country have decided this issue differently, and the Eleventh Circuit has not yet ruled on the correct standard for Title VI standing. See Drayton v. McIntosh Cnty., Georgia, No. 2:16-CV-53, 2019 WL 13260160, at *8 (S.D. Ga. Mar. 7, 2019) (collecting cases). The Court need not decide the correct standard here.

LRHMC's other arguments as to why this claim fails are sufficient to decide this issue as to both Defendants.

Plaintiff fails to allege disparate treatment. To state a claim for racial discrimination under Title VI, Plaintiff must allege either direct evidence of discriminatory intent, or circumstantial evidence by showing "(1) he is a member of a protected class; (2) he suffered an adverse action in pursuit of his education by defendant; (3) he was treated differently from similarly situated students who are not members of the protected class; and (4) he was qualified to continue in his educational pursuit." Rusovici v. U. of C. Fla. Bd. of Trustees, No. 6:22-CV-2172-ACC-EJK, 2023 WL 9190224, at *12 (M.D. Fla. Dec. 9, 2023), aff'd sub nom. Rusovici v. U. of C. Fla. through Bd. of Trustees, No. 24-10074, 2024 WL 3634226 (11th Cir. Aug. 2, 2024).

Here, Plaintiff fails to establish either direct evidence or circumstantial evidence of discrimination sufficient to state a claim for relief. Plaintiff alleges "Defendant Anderson treated [him] different[ly]from other students," (Dkt. 4 at ¶ 142), but this does not show he was treated differently from *similarly situated* students who are not members of the protected class. Plaintiff also fails to include any factual support for this conclusion. Thus, this is a conclusory allegation that does not comport with the required standard for discrimination. Because Plaintiff fails to allege disparate treatment, the Court need not discuss the other elements.

Accordingly, Count I is due to be DISMISSED.

**b. Count II – Title VI Retaliation (against LRHMC and USF BOT)**

**i. LRHMC**

Plaintiff's Title VI retaliation claim is also due to be dismissed because Plaintiff fails to state a claim. Plaintiff alleges LRHMC is vicariously liable for its employee's retaliation under Title VI. However, Title VI only prohibits discrimination by recipients of federal funding. Under vicarious liability, the employee must be liable, and if the employee is not liable, then the employer cannot be liable. Here, LRHMC's employee, Kondrach, is not a recipient of federal funding, only the hospital itself is. Thus, she cannot be liable under Title VI. Therefore, LRHMC cannot be liable vicariously.

Accordingly, Count II against LRHMC is due to be DISMISSED WITH PREJUDICE.

**ii. USF BOT**

To state a Title VI retaliation claim, a plaintiff must allege "(1) that he engaged in statutorily protected expression; (2) that he was subjected to a materially adverse act; and (3) that a causal link existed between the two events." Farrukh v. U. of S. Fla. Bd. of Trustees, No. 21-13345, 2022 WL 3973703, at *3 (11th Cir. Sept. 1, 2022). A plaintiff may engage in protected activity when he opposes an unlawful employment practice. Shedrick v. Dist. Bd. of Trs. of Miami-Dade Coll., 941 F. Supp. 2d 1348, 1367 (S.D. Fla. 2013). "To establish that a plaintiff engaged in statutorily protected expression, we have held that a plaintiff must show that []he 'had a good faith, reasonable belief that the employer was engaged in unlawful employment practices.'" Weeks v. Harden Mfg. Corp., 291 F.3d 1307, 1311 (11th Cir. 2002).

Here, Plaintiff claims that his protected activity was complaining to USF about Kondrach's alleged discrimination. (Dkt. 4 at ¶¶ 162, 164, 165) Plaintiff does not allege any facts to show that he had a good faith, reasonable belief that USF was engaged in unlawful employment practices because an employee of LRHMC made a discriminatory comment toward him. In fact, the Amended Complaint expressly establishes that the challenged comment did not come from anyone employed by USF BOT.

Accordingly, Plaintiff fails to state a claim for retaliation against USF BOT. Count II against USF BOT is due to be DISMISSED

**c. Count III – EPC (against Anderson)**

Plaintiff alleges Count III and IV against Defendant Anderson in her personal capacity. Defendant Anderson asserts that she is entitled to qualified immunity for these Counts. (Dkt. 19 at 12) Qualified immunity provides "complete protection for government officials sued in their individual capacities as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known." Lee v. Ferraro, 284 F.3d 1188, 1193–94 (11th Cir. 2002) (quotation marks and citation omitted). First an official must "prove that [s]he was acting within the scope of [her] discretionary authority when the allegedly wrongful acts occurred." Id. (quoting Courson v. McMillian, 939 F.2d 1479, 1487 (11th Cir. 1991)). "Once the defendant establishes that [s]he was acting within [her] discretionary authority, the burden shifts to the plaintiff to show that qualified immunity is not appropriate." Id. An official who proves he acted within [her] discretionary authority

is entitled to qualified immunity unless (1) she violated a federal statutory or constitutional right, and (2) the unlawfulness of her conduct was clearly established at the time. Smart v. England, 93 F.4th 1283, 1288 (11th Cir. 2024) (citations omitted).

First, Plaintiff states Defendant Anderson's actions were within the course and scope of her position as the Director of Clinical Education at USF's Department of Physical Therapy Program. (Dkts. 4, 29-2) This is sufficient to prove that Defendant Anderson was acting within the scope of her discretionary authority. As such, the burden then shifts to Plaintiff to overcome qualified immunity.

Beginning and ending with the first element, the Court finds Plaintiff has not sufficiently alleged a constitutional violation. To state a violation of the Equal Protection Clause, a plaintiff must allege intentional or purposeful discrimination. Jones v. Governor of Fla., 15 F.4th 1062, 1065 (11th Cir. 2021). To prove intent, the plaintiff must allege "similarly situated persons have been treated disparately." Rollins v. Bd. of Trs., 647 F. App'x 924, 938 (11th Cir. 2016) (quoting Draper v. Reynolds, 369 F.3d 1270, 1278 n.14 (11th Cir. 2004)). "Further, the plaintiff must present evidence that the state actor's conduct was motivated by the plaintiff's race or sex." Id.

Here, as discussed above, Plaintiff alleges "Defendant Anderson treated [him] different from other students," (Dkt. 4 at ¶ 142), but this does not show the conduct was motivated by Plaintiff's race. More so, Plaintiff does not allege any discriminatory remarks or comments made by Defendant Anderson. Plaintiff fails to allege intentional discrimination as required. Therefore, Plaintiff fails to allege a constitutional violation and cannot overcome qualified immunity.

Count III is due to be DISMISSED WITH PREJUDICE.

**d. Count IV – Fourteenth Amendment DPC (against Anderson)**

Defendant Anderson is also entitled to qualified immunity for Count IV, as discussed above, unless Plaintiff sufficiently alleges (1) she violated a federal statutory or constitutional right, and (2) the unlawfulness of her conduct was clearly established at the time. Smart, 93 F.4th at 1288.

Again, beginning and ending with the first element, Plaintiff does not allege Defendant Anderson violated his constitutional right as required. To state claim for a Due Process Clause violation, a plaintiff must allege (1) "'a deprivation of a constitutionally protected liberty or property interest,'" (2) "state action," and (3) "a 'constitutionally inadequate process.'" Foxy Lady, Inc. v. City of Atlanta, Ga., 347 F.3d 1232, 1236 (11th Cir. 2003). "It is well-settled that a constitutional violation is actionable under § 1983 'only when the state refuses to provide a process sufficient to remedy the procedural deprivation.'" Reams v. Irvin, 561 F.3d 1258, 1266 (11th Cir. 2009). The court will "look to whether the available state procedures were adequate to correct the alleged procedural deficiencies." Cotton v. Jackson, 216 F.3d 1328, 1331 (11th Cir. 2000). "If adequate state remedies were available but the plaintiff failed to take advantage of them, the plaintiff cannot rely on that failure to claim that the state deprived him of procedural due process." Id. A decision to dismiss a student from a state university "is reviewable by a petition for certiorari filed with the appropriate circuit court." Hussey v. Univ. of Fla. Bd. of Trs., 226 So. 3d 1081 (Fla. Dist. Ct. App. 1st 2017) (citing Decker v. University of West Florida, 85 So. 3d 571 (Fla. Dist. Ct.

App. 2012)); see also Watts v. Florida International University, 495 F.3d 1289 (11th Cir. 2007); Doe v. Valencia Coll., 903 F.3d 1220 (11th Cir. 2018).

Here, there was an adequate state remedy for Plaintiff's claims through the filing of a petition for certiorari in the state circuit court. Yet, Plaintiff does not allege he filed a petition in the circuit court, nor does he allege the state procedures afforded to him were inadequate. Therefore, Plaintiff is unable to state a claim for a procedural due process violation and, thus, he cannot overcome qualified immunity.[3]

Accordingly, Count IV is due to be DISMISSED WITH PREJUDICE.

**e. Count V – Breach of Fiduciary Duty (against all Defendants[4])**

Plaintiff's claim for breach of fiduciary duty fails to state a claim for relief. To properly state a claim for breach of fiduciary duty, Plaintiff must show: "(1) the existence of a duty, (2) breach of that duty; and (3) damages flowing from the breach." Lesti v. Wells Fargo Bank, N.A., 960 F.Supp.2d 1311, 1323 (M.D. Fla. 2013) (citing Miller v. Miller, 89 So. 3d 962 (Fla. 5th DCA 2012)). The Court agrees with Defendant LRHMC and the court in Morrison v. U. of Miami, that this claim fails on the first element. Morrison v. U. of Miami, No. 1:15-CV-23856-UU, 2016 WL 3129490, at *7

---

[3] To the extent Plaintiff's claim is premised on an assertion that Defendant Anderson did not follow USF policies, that is not an actionable cause. "[T]he law is well established that the mere failure to follow state procedures does not necessarily rise to the level of a violation of federal procedural due process rights." Maddox v. Stephens, 727 F.3d 1109, 1124 n.15 (11th Cir. 2013); Harris v. Birmingham Bd. of Educ., 817 F.2d 1525, 1528 (11th Cir. 1987) ("[W]e emphasize that the violation of a state statute outlining procedure does not necessarily equate to a due process violation under the federal constitution. If otherwise, federal courts would have the task of [e]nsuring strict compliance with state procedural regulations and statutes.").

[4] Count V-VIII and X are asserted against all Defendants. However, Defendant Anderson is immune from suit for all five of these claims under Fla. Stat. § 768.28(9(a). Because these five claims are also dismissed as to USF BOT, they will only be addressed as to LRHMC.

(S.D. Fla. Jan. 20, 2016) (collecting cases). None of the Defendants owed Plaintiff a fiduciary duty based on his status as a student employee or student.

Plaintiff attempts to allege that a fiduciary duty arose from his "reasonable reliance on Defendants to uphold their legal and institutional responsibilities." (Dkt. 4 at ¶ 199) Plaintiff's expectations cannot create a fiduciary duty where none otherwise exists. Therefore, Count V is due to be DISMISSED WITH PREJUDICE.

**f. Count VI – Intentional Infliction of Emotional Distress (against LRHMC)**

Plaintiff fails to plead a claim for intentional infliction of emotional distress ("IIED"). To plead a claim of IIED, Plaintiff must allege, "(1) deliberate or reckless infliction of mental suffering; (2) by outrageous conduct; (3) which conduct must have caused the suffering; and (4) the suffering must have been severe." Hart v. U.S., 894 F.2d 1539, 1548 (11th Cir. 1990).

First, Plaintiff does not allege, outside of conclusory statements, that any of the Defendant's conduct was intentional or reckless. (Dkt. 4 at ¶¶ 211, 212, 214, 218) Second, Plaintiff does not allege outrageous conduct. (Dkt. 4 at ¶¶ 214-17) "Outrageous conduct is conduct which 'is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Hart, 894 F.2d at 1548. Plaintiff's allegations of failing to investigate complaints and allowing an employee to physically assault and discriminate against him, while awful and offensive, do not rise to the degree required for an IIED claim under Eleventh Circuit caselaw and the high

standard of outrageous conduct in Florida. See e.g., Treminio v. Crowley Mar. Corp., 649 F. Supp. 3d 1223 (M.D. Fla. 2023). "Florida and federal courts are generally reluctant to recognize outrageous conduct in the employment context." Khan v. Rundle, No. 05-23123-CIV, 2006 WL 8433501, at *2 (S.D. Fla. Apr. 28, 2006) (quoting Paraohao v. Bankers Club, Inc., 225 F. Supp. 2d 1353, 1361 (S.D. Fla. 2002)), aff'd sub nom. Khan v. Fernandez-Rundle, 287 F. App'x 50 (11th Cir. 2007).

Even if Plaintiff's status as a clinical student working at LRHMC could be considered analogous to that of an employee, Plaintiff's allegations would not constitute outrageous conduct measured against the facts of other cases. Compare Short v. Immokalee Water & Sewer Dist., 165 F. Supp. 3d 1129 (M.D. Fla. 2016) (finding claims of discriminatory pay, discriminatory actions, and false accusations of watching pornography on a work computer were insufficient to constitute an IIED claim) with Nims v. Harrison, 768 So.2d 1198 (Fla. 1st DCA 2000) (finding a threat to kill and rape plaintiff and her children was sufficiently outrageous).

Accordingly, Count VI is due to be DISMISSED.

**g. Count VII – Fraudulent Misrepresentation (against LRHMC)**

Plaintiff's claim of fraudulent misrepresentation is due to be dismissed. "The elements of fraudulent misrepresentation are: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." Moriber v. Dreiling, 194 So. 3d

369, 373 (Fla. 3d DCA 2016) (citing Butler v. Yusem, 44 So. 3d 102, 105 (Fla. 2010); GEICO Gen. Ins. Co. v. Hoy, 136 So. 3d 647, 651 (Fla. 2d DCA 2013)).

Fraud claims are required to be pleaded with particularity under Fed. R Civ. P. 9(b). Plaintiff's allegations do not meet this standard. Plaintiff also fails to allege any representation by LRHMC was intended to induce Plaintiff to act. (Dkt. 4 at ¶¶ 226-45). Therefore, Plaintiff fails to state a claim for fraudulent misrepresentation, and Count VII is due to be DISMISSED.

**h. Count VIII – Breach of Contract (against LRHMC)**

Plaintiff alleges a breach of the "Agreement for Clinical Education of Students," which he attaches to his Complaint as Exhibit 1. (Dkt. 4-1) The contract states the parties to the agreement are LRHMC and USF BOT. (Id.) The contract also states, "This Agreement is intended solely for the benefit of the parties hereto and shall not, directly or by implication, create any rights in or duties to a third party of any nature whatsoever." (Id.) Plaintiff is not a party to the contract, nor is he a third-party beneficiary. Thus, Plaintiff does not have standing to sue for breach of contract.

Accordingly, Count VIII is due to be DISMISSED WITH PREJUDICE.

**i. Counts X and XI – Gross Negligence and Systemic Negligence (against LRHMC)[5]**

Plaintiff alleges gross negligence and systemic negligence against LRHMC for failure to address misconduct of employees or investigate Plaintiff's complaints, and

[5] Count IX is dismissed as it is a state law claim of equitable estoppel against only USF BOT. Plaintiff admits this claim should be dismissed under the Eleventh Amendment.

for assigning a Physical Therapist Assistant to supervise Plaintiff. (Dkt. 4 at ¶¶ 289, 290, 292, 304, 305) Plaintiff states LRHMC "had had a duty of care to provide a safe clinical environment and address allegations of misconduct within its facility." (Id. at ¶ 288) The Court construes these claims as negligent retention and supervision claims for failure to ensure employees comply with Title VI and failure to address employee misconduct. To properly state a claim of this type, the "underlying wrong allegedly committed by an employee . . . must be based on an injury resulting from a tort which is recognized under common law." Freese v. Wuesthoff Health System, Inc., Case No. 6:06-cv-175-Orl-31JGG, 2006 WL 1382111, at *9 (M.D. Fla. May 19, 2006) (citing Scelta v. Delicatessen Support Servs., Inc., 57 F. Supp. 2d 1327, 1348 (M.D. Fla. 1999)). Florida does not have a common law cause of action for negligent failure to ensure an employee is not harassed or discriminated against. See e.g., Wheeler v. Blackbear Two, LLC, No. 6:12-cv-583-Orl-37TBS, 2012 WL 3596128, at *2-3 (M.D. Fla. Aug. 21, 2012); Castleberry v. Edward M. Chadbourne, Inc., 810 So. 2d 1028, 1030 (Fla. 1st DCA 2002) ("Florida does not recognize a common law cause of action for negligent failure to maintain a workplace free of sexual harassment.").

Therefore, the underlying wrong alleged by Plaintiff is not a tort recognized under common law. Plaintiff cannot not state a proper claim for negligent retention and supervision. Accordingly, Counts X and XI are due to be DISMISSED WITH PREJUDICE.

**j. Count XII – Battery (against LRHMC)**

Plaintiff alleges LRHMC is vicariously liable for Kondrach's alleged battery against Plaintiff. Vicarious liability is only applicable when the employee's conduct occurred within the scope of employment. Yusko v. NCL (Bah.), Ltd., 4 F.4th 1164, 1168 (11th Cir. 2021). Plaintiff summarily alleges the battery occurred within the scope of Kondrach's employment, but he does not include any facts to support this conclusion. (Dkt. 4 at ¶ 315)

Under Florida law, "[g]enerally . . . batteries by employees are held to be outside the scope of the employee's employment and, therefore, insufficient to impose vicarious liability on the employer." Valeo v. East Coast Furniture Co., 95 So. 3d 921, 925 (Fla. 4th DCA 2012) (quoting Nazareth v. Herndon Ambulance Servs., Inc., 467 So. 2d 1067, 1078 (Fla. 5th DCA 1985)). "However, if the employee committed the battery 'during the course of the employment and to further a purpose or interest, however excessive or misguided, of the employer,' then a plaintiff still may impose vicarious liability on the employer." Id.

Thus, Plaintiff must allege Kondrach committed the battery to further a purpose of LRHMC. He does not do so. Accordingly, LRHMC cannot be liable for the alleged battery by Kondrach. Count XII is due to be DISMISSED.

**VIII. MOTION FOR SANCTIONS**

Defendant LRHMC requests the Court impose sanctions against Plaintiff due to his use of hallucinated caselaw in his Responses in Opposition to the Motions to Dismiss. See (Dkts. 17, 28, 29, 30). After this was brought to the Court's attention the

first time, the Court warned Plaintiff that "[f]ailure to file legitimate responses citing to real cases that support the propositions for which they are cited will result in the imposition of sanctions in this case." (Dkt. 28) In response to the Court's Order, Plaintiff included a footnote in his filings stating as follows:

> All legal authorities cited herein have been independently reviewed for accuracy and proper citation. Plaintiff has exercised due diligence to ensure that the legal arguments presented are grounded in verified case law and applicable standards. No fictitious or unverified citations are included, and all authorities were used solely to support the legal claims asserted.

(Dkt. 29 at 3 n.1) When reviewing Plaintiff's Response in Opposition, LRHMC found a citation to a case that does not exist. See (Dkt. 29) (citing Zainulabeddin v. Univ. of S. Fla. Bd. of Trs., 2018 WL 4636251, at 8 (M.D. Fla. Sept. 27, 2018)). LRHMC is correct that this case, as cited, does not exist. Although cases with that name do exist, the WestLaw citation does not correspond to the case cited by Plaintiff.

Even still, the Court will not impose sanctions against Plaintiff because Defendant LRHMC failed to follow the mandatory safe harbor provision of Fed. R. Civ. P. 11(c)(2). (Dkt. 31) When filing a motion for sanctions, the motion must first be served on every party and is not to be filed on the docket if the challenged filing is withdrawn or corrected within 21 days after service. Fed. R. Civ. P. 11(c)(2). This is a mandatory safe harbor provision when filing a motion for sanctions under Rule 11. Defendant LRHMC did not show that it served the motion on Plaintiff or that it allowed him the opportunity to correct or withdraw the challenged filing. As such, Defendant LRHMC's Motion for Sanctions is due to be DENIED.

## IX. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** that:

1. Defendants LRHMC, Anderson, and USF BOT's Motions to Dismiss (Dkts. 12, 19, 20) are **GRANTED**.
2. Plaintiff's Complaint, (Dkt. 4), is **DISMISSED as follows:**
    a. As to Defendant LRHMC, Counts I, VI, VII, and XII are **DISMISSED WITHOUT PREJUDICE**. Counts II, V, VIII, X, and XI are **DISMISSED WITH PREJUDICE**.
    b. As to Defendant USF BOT, Counts I and II are **DISMISSED WITHOUT PREJUDICE**. Counts IV, V, VI, VII, VIII, X and IX are **DISMISSED WITH PREJUDICE**.
    c. As to Defendant Anderson, all Counts are **DISMISSED WITH PREJUDICE**.
    c. Plaintiff is granted leave to amend his Complaint within TWENTY-ONE DAYS of the date of this Order. **Plaintiff may only attempt to replead claims that were dismissed without prejudice, and only if he has a good faith basis to do so. Failure to file an Amended Complaint in a timely fashion will result in this Order becoming a final judgment.**
    d. Defendant LRHMC's Motion for Sanctions, (Dkt. 30), is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida, this 17th day of March 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of record
Any unrepresented party